■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEMP YARBOROUGH, Appellant.—Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered September 18, 1990, convicting defendant, after a jury trial, of murder in the second degree, two counts of assault in the first degree, reckless endangerment in the first degree, criminal use of a firearm in the second degree, criminal possession of a weapon in the second and third degrees, and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a juvenile offender, to concurrent indeterminate prison terms of 9 years to life, 5 to 15 years, 5 to 15 years, 2⅓ to 7 years, 5 to 15 years, 5 to 15 years, 2⅓ to 7 years, and one year, respectively, unanimously modified, on the law, to set aside defendant's convictions for one count of assault in the first degree, reckless endangerment, criminal use of a firearm, criminal possession of a weapon in the second and third degrees, and criminal possession of a controlled substance, and to reduce defendant's sentence for the other count of assault in the first degree to an indeterminate prison term of from 2⅓ to 7 years and otherwise affirmed.

After a confrontation between two groups of young men, defendant returned to the scene and fired three shots at the group. During the trial, defendant moved to preclude a prospective prosecution witness from testifying because he had been present in the courtroom the day before when another prosecution witness was testifying. The court conducted a voir dire of the prospective witness in the presence of both counsel

to determine whether he was unduly influenced by what he heard. After defense counsel had an opportunity to question the witness, the court denied the application on the ground that the witness had not been unduly influenced by the testimony he overheard. Contrary to defendant's unpreserved argument on appeal, his exclusion from this hearing did not deprive him of his statutory or constitutional right to be present at any material stage of his trial (CPL 260.20; US Const 6th, 14th Amends; NY Const, art I, § 6).

As a juvenile offender, defendant was not criminally responsible for six of the crimes for which he was convicted and therefore, the verdict with respect to those crimes is set aside (CPL 310.85 [2]). Furthermore, we reduce defendant's sentence for first degree assault to the maximum sentence a juvenile offender may receive for a class C felony. Concur—Murphy, P. J., Milonas, Rosenberger, Ross and Smith, JJ.